# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TIFFANY MADRID,**

      **Plaintiff,**

**v.**                                                 **Case No: 6:13-cv-1887-Orl-37KRS**

**HISPANIC CHAMBER OF COMMERCE**
**OF METRO ORLANDO,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

The Court held a Settlement Conference on May 30, 2014 in Plaintiff's Fair Labor Standards Act case. The parties reached a settlement of the FLSA claim for damages and attorney's fees as well as other issues between them. Doc. 27.

The Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the extended arms-length discussions with the parties, which reflect that they were well advised by competent counsel and fully informed as to the appropriate circumstances and considerations, the Undersigned finds that the settlement of the wage claim, as recorded on the record at the conclusion of the Settlement Conference, was a "fair and reasonable" resolution of Plaintiff's FLSA claim, representing a reasonable compromise of genuinely disputed issues and that any allocation for fees and costs as to that claim is not unreasonable as to the Plaintiff. Consistent with the dictates of *Lynn's Foods,* It is respectfully recommended that the Court approve dismissal of the action with prejudice, retaining jurisdiction to enforce any issues arising from implementation of the agreed settlement.

]Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 30, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy